UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEPHANIE SMITH,**

    Plaintiff,

v.                                     Case No: 6:15-CV-00347

**QS DAYTONA, LLC,**

    Defendant.
_____/

**ORDER GRANTING
FINAL APPROVAL OF CLASS SETTLEMENT**

This matter came before the Court for hearing on January 20, 2016 upon the Joint Motion for Final Approval of Class Action Settlement (Doc. 49) and Motion for Attorney's Fees (Doc. 43). The Court, having considered the Motions for Preliminary Approval and Final Approval and the documents in support thereof, the Settlement Agreement (the "Agreement"), any objections (none were made) and comments received regarding the proposed settlement, the record in the above captioned action (the "Action"), the evidence presented, and the arguments and authorities presented by counsel, and for good cause appearing, hereby

**ORDERS** as follows:

    1.      The Motions (Doc. 43 and 49) are GRANTED.

    2.      <u>Incorporation of Definitions</u>. This Order incorporates by reference the definitions set forth in the Joint Motion for preliminary approval and the proposed settlement agreement, and all terms used herein shall have the same meaning as set forth in those filings.

    4.    <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members, and Defendant.  Jurisdiction is retained by this Court for matters arising out of the Settlement Agreement.

    4.    <u>Final Approval of Settlement</u>.  The Court hereby adopts and approves the Agreement and the settlement terms contained therein and finds that it is in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of the law, and in the best interest of the parties and the Settlement Class.  The Court finds that the Parties dispute the merits of the claims and the appropriateness for trying the claims on a class basis. The case involves complex issues of fact and law and the settlement terms reflect the inherent uncertainty of litigation and the challenges of establishing liability in a complex case brought under Federal Rule 23.  Accordingly, the Court directs the parties and their counsel to implement and consummate the settlement in accordance with the terms and conditions of all portions of the Agreement.

    5.    <u>Notice</u>.  The Court finds that the notice to the Class of the pendency of the Action and of this settlement constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class, and fully complied with the requirements of due process and of all applicable statutes and laws.

    6.    <u>Final Class Certification</u>. The parties seek final certification of one settlement class based on Rule 23(b)(3) of the Federal Rules of Civil Procedure. Pursuant to Rule 23(c), the Court finally certifies, for settlement purposes only, the following Settlement Class:

> <u>Class Definition</u>: All applicants for employment with QS Daytona, LLC who executed the Disclosure Statement form and Consent and Release of Information Authorization between March 5, 2013 through March 5, 2015 (referenced herein as the "Settlement Class").
>
> In connection with this final certification, the Court makes the following final findings:

   A. The Settlement Class of 331 members appears to be so numerous that joinder of all members is impracticable;

   B. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

   C. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

   D. Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

   E. Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

   F. Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7. <u>Class Counsel</u>.  Luis A. Cabassa and Brandon J. Hill of Wenzel Fenton Cabassa, P.A. will continue to serve as Class Counsel for the Settlement Class.

8. <u>Class Representative</u>.  Plaintiff Stephanie Smith will continue to serve as Class Representative for the Settlement Class.

9. <u>Settlement Consideration</u>.  Defendant and Plaintiff are hereby ordered to comply with the terms and conditions contained in the Settlement Agreement, which is incorporated by reference herein.

10. <u>Applicability</u>.  The provisions of this Final Order are applicable to and binding upon and inure to the benefit of each party to the Action (including each Settlement Class Member and each of Defendants' successors and assigns).  All persons who are included within the definition

of the Settlement Class and who did not properly file requests for exclusion are therefore bound by this Final Order and by the Settlement Agreement.

11.  <u>Release</u>.  As of the Effective Date, the Settlement Class members, including Plaintiff (collectively, the "Releasing Parties"), but excluding those individuals who asked to be excluded from the Settlement (none did), release Defendant and its affiliates and subsidiaries ("Released Parties"), from the "Released Claims."  The Releasing Parties stipulate and agree that upon the Court's final approval of this Settlement Agreement, the claims in the case shall be dismissed with prejudice. The Releasing Parties, on behalf of themselves and their respective assigns, agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

12.  <u>Dismissal</u>.  The Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

13.  <u>Settlement Fund</u>.  Defendant will create a non-reversionary fund for Class Members consisting of $23,000. The Class Members will not be required to take any action to receive a portion of the funds, making it a "claims paid" settlement.  Members of the class will receive a *pro rata* gross amount of the settlement fund.  The named Plaintiff, Stephanie Smith, is awarded an incentive award of $2,500.00, and will be deducted from the Settlement Fund before the funds are distributed.

14.  <u>Class Counsel Attorneys' Fees, Costs</u>.  Plaintiff's counsel is awarded fee and costs consisting of $17,000.  Class Counsel's fee and costs shall be paid by Defendant in addition to and separate from the Settlement Fund in accordance with the Settlement Agreement.

15.  <u>Cy pres</u>.  Murphy Harpst Life and Hope for Children is appointed by the Court as the *cy pres* recipient.

16. <u>Final Order</u>.  This Final Approval Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties and the Settlement Class.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 20, 2016.



_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE